**ORR, Plaintiff, v. BUREAU OF UNEMPLOYMENT COMPENSATION et, Defendant.**

Common Pleas Court, Trumbull County.

No. 64615.   Decided February 17, 1954.

William W. Weir, for plaintiff.

John W. Hardwick, Asst. Atty. Genl., for Board of Review, and Bureau of Unemployment Compensation.

## OPINION

By BIRRELL, J.

In this case the decision of the Administrator granted compensation

to the claimant. On appeal the Referee modified this decision and allowed claims for benefits for six weeks, and disallowed the claim for five weeks. On appeal to the Board of Review the Board disallowed "the claimants application to institute further appeal." The case comes to this Court on appeal by the claimant under the provisions of §4141.28 R. C.

The section above referred to in its last paragraph contains the following provisions:

"The Board, upon written demand filed by appellant shall, within thirty days after the filing of such demand, file with the Clerk a certified transcript of the record of the proceedings pertaining to the decision complained of, and the evidence considered by the Board or the Referee or both in making such decision, and the appeal shall be heard upon such transcript, and the evidence certified by the Board."

A preceeding paragraph with reference to an appeal from the Administrator's determination provides:

"A record shall be made of all hearings by the Referee, and all testimony shall be recorded but need not be transcribed unless such claim is further appealed."

The Referee, in modifying the decision of the Administrator places great stress upon certain "little white slips" which are referred to in the examination of the claimant at page 4 of the transcribed testimony. The Referee's opinion evidently based upon these "little white slips" states:

"In the instant case, out of 13 weeks under consideration, there were two weeks in which allowance of benefits was clearly warranted; the first (week ending February 6, 1954) in which claimant had some employment, and the last (week ending May 1st, 1954) in which she reported five employer contacts. With respect to the remaining 11 weeks there were three (weeks ending March 6, 13, and 20) for which no records were available, and in giving claimant the benefit of any doubts, said weeks are allowed. In three other weeks (weeks ending March 27, April 10, 24, 1954) claimant appeared to have made fresh employer contacts which were not mere call-backs from the weeks immediately preceding them. Therefore benefits for said three weeks are allowed. With respect to the remaining five weeks (weeks ending February 13, 20, 27, April 3, and 17, 1954) claimant's efforts to find work did not constitute even a bare minimum or 'token' compliance with statutory requirements and benefits are denied for said weeks."

It is evident from reading the record of the examination of the claimant, which contradicts these weekly reports, that the Referee used the "little white slips" and relied upon them in forming his decision to modify the previous decision of the Administrator. It should be noted also, at page 7 of the Referee's record of the examination that the Claimant's attorney, asked the Referee:

"Do we have the burden of getting them (little white slips) in to the record?"
to which the Referee answered "no."

To this Court, on whom the burden rests of determining this appeal upon "the evidence certified by the Board," the failure of the Referee to include in his record "all testimony" is a glaring defect. Without the

"little white slips" there is no evidence in this record other than that of the claimant who states that she regularly, each week, called upon all of the stores in the town which furnished the type of employment for which she was fitted, and that she had been prevented from reporting more than two names each week by the Clerk of the Unemployment Bureau, who told her that she must write only two names, as appears from the following questions by the Referee:

"Q. Were you required during your reporting to make statements on little white slips as to where you had looked for work?

"A. That's right. When I first went in the girl told me just to write two names down. Well then a little later on another girl told me I should have three or four.

"Q. Regardless of how many places you looked for work you were supposed to put it down?

"A. Well I asked her if she wanted more and she said 'no.' "

This Court cannot find that the decision of the Administrator, later affirmed by the Board of Review, is either lawful or reasonable or sustained by the evidence when the evidence on which the Referee relied, as the basis for his modification of the five weeks benefits, is not included in the record.

Sec. 4141.29 R. C., at subsection (C) (6) provides, as one of the exceptions to the payment of compensation.

"that the claimant has failed to report to the Bureau * * * as required by its rules."

This Court does not take judicial notice of the rules of the Bureau of Unemployment Compensation, and no rules have been presented or even suggested in this case. If the Referee is laying down a rule to sustain his decision it is certainly unreasonable in view of the instructions given to this employee of the number of places she must report each week.

The Court observes that §4141.28 R. C., contains this paragraph:

"In making determinations on applications for determination of benefit rights and claims for benefits, the administrator and his deputy shall follow decisions of the Unemployment Compensation Board of Review which have become final with respect to claimants similarly cited."

This, of course, means that were the decision of this Referee to be approved by this Court, the result would be that hereafter this precedent must be followed. We do not know whether the Administrator, in allowing all of these weeks, was following some previous precedent. It would seem proper for this Court to assist the Bureau in determining a reasonable precedent to be followed in the future, which should include the requirement that the Bureau must include in its transcript all the evidence, and exhibits on which the Referee and the Board depends for their decision in accordance with the provisions of the Statute above cited.

As above suggested, this Court finds that the decision made by the Referee, and approved by the Board of Review is unreasonable and against the manifest weight of the evidence presented in their record. It would seem proper, therefore, that such decision be modified and final judgment be entered by this Court requiring payment of the five weeks of benefits disallowed by the Referee. The Court assumes, of course,

that the six weeks which have already been allowed have been paid in accordance with the Referee's decision. If they have not been paid the requirement of such payment may be included in the order.